UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BILL TAYLOR,

    Plaintiff,

vs.

SALVADOR, INC.

    Defendant.

_____/

**INJUNCTIVE RELIEF SOUGHT**

**COMPLAINT**

Plaintiff, BILL TAYLOR (Collectively "Plaintiff"), by and through the undersigned counsel, hereby file this Complaint against Defendant, SALVADOR, INC. (hereinafter "Defendant") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §1281, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

**PARTIES**

2. Plaintiff, BILL TAYLOR is a resident of the State of Florida and this judicial district, is *sui juris*, is disabled as defined by the ADA, is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching.  Plaintiff uses a wheelchair for mobility purposes.  Plaintiff's access to the Defendant's store commonly referred to as Doris' Italian Market and Bakery located at 2424 Hollywood, Blvd. Hollywood, FL ("the Facility") and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

3. In October of 2011, Plaintiff visited the Facility as a customer, purchased food, sat in the Facility, and attempted to utilize the restroom facilities.

4. Plaintiff intends to visit the Facility within six months to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Facility.  Plaintiff lives in the same city as the Facility, has visited the Facility at least once before and intends on visiting the Facility within the next six months as soon as the Facility is accessible again.

5. Plaintiff is a self-proclaimed advocate for the rights of the disabled and has made it his personal mission to enforce Title III of the ADA by

personally testing facilities for compliance, and once a facility is found that is not compliant with the ADA, he intends to revisit the Facility until the Facility makes the required modifications so as to become compliant with Title III of the ADA. As a self-proclaimed advocate, Plaintiff's purpose is to, among other things, represent the interest of other persons with disabilities by assuring that places of public accommodation are accessible to and usable by individuals with disabilities.

6. In this instance, Plaintiff travelled to the Facility as a customer and tester, encountered the barriers to access at the Facility detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations discussed below.

7. Defendant is a Florida Corporation, and transacts business in the State of Florida and within this judicial district. Its owns and/or operates the Facility commonly referred to as Doris' Italian Market and Bakery located at 2424 Hollywood, Blvd. Hollywood, FL. Defendant is the owner, lesee, sub-lesee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Doris' Italian Market and referred to in this Complaint as the Facility.

## **FACTUAL ALLEGATIONS AND CLAIM**

8. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq*.

9. Congress found, among other things, that:

    (i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

10.    Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

  (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

 11. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

 12. The Facility is a public accommodation and service establishment.

 13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

 14. The Facility must be, but is not, in compliance with the ADA and ADAAG.

 15. Plaintiff has attempted to and has, to the extent possible, accessed the Facility in his capacity as a customer of Defendant, but could not do so because of his disabilities due to the physical barriers to access, dangerous

conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

16. Plaintiff intends to visit the Facility again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

18. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

**Accessible Elements**

a. There is not a continuous path of travel connecting all essential elements of the Facility in violation of sections 4.3.1 and 4.3.2 of the ADAAG.

b. There are service counters where goods and services are distributed that have counters in excess of 36 inches and do not offer portions of the counter at or below 36 inches or an auxiliary counter with a maximum height of 36 inches in close proximity to the main counter in violation of Section 7.2(2)(i)-(ii) of the ADAAG.

c. There are obstacles blocking access route to the restrooms in violation of section 4.3.1 of the ADAAG.

d. The floor area within the maneuvering clearance of the front entry door is not level in violation of Section 4.13.6 of the ADAAG.

**Restrooms**

a. Restrooms lack sufficient clear floor space to permit turns by persons using wheelchairs. See ADAAG 4.13.5 and/or 4.13.6

b. The size and arrangement of toilet stalls is in violation of ADAAG 4.17.3 and Figure 30(a).

c. Signs which designate disabled restroom facilities are not properly marked to comply with ADAAG 4.30.4, 4.30.5, and 4.30.6.

d. The door to the restroom lacks an adequate minimum clear opening of 32 inches in violation of ADAAG 4.13.5

e. There is insufficient clear floor space of at least 30" x 48" provided in front of the lavatory for persons in wheelchairs in violation of applicable sections of the ADAAG.

f. The height of the toilet is below the minimum allowable height in violation of ADAAG 4.16.3.

g. Restrooms lack sufficient clear floor space to permit turns by persons using wheelchairs. See ADAAG 4.13.5 and/or 4.13.6

h. Restroom toilet lacks grab bars in violation of ADAAG 4.16.4 and/or 4.26.

i. The door to the restroom has hardware which requires turning and twisting of the wrist in violation of Section 4.13.9 of the ADAAG.

j. Hot water and drain pipes under the lavatory are not insulated or otherwise configured to protect against contact as required by Section 4.19.4 of the ADAAG.

**Parking Lot**

a. There are no accessible parking spaces properly designated as reserved by a sign showing the symbol of accessibility in violation of Section 4.6.4 of the ADAAG.

    b. Facility does not have an adequate number of disabled parking spaces in violation of ADAAG 4.1.2(5)(a).

    c. There are no accessible parking spaces in the rear parking lot of the Facility that are part of an accessible route to the Facility's rear entrance in violation of Section 4.6.3 of the ADAAG.

    d. There are no passenger loading zones providing an access aisle of at least 60 inches wide adjacent and parallel to the vehicle pull-up space clear of obstructions and level with the disabled parking space in violation of section 4.6.6 of the ADAAG.

    e. The access route from the rear parking lot to the rear entrance of the Facility contains vertical rises in excess of ¼ inch in violation of Section 4.3.8 of the ADAAG.

19. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of Facility in order to determine all of the discriminatory acts violating the ADA.

20. Plaintiff has attempted to gain access to the Facility in his capacity as a customer, but because of his disability has been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until

Defendant are compelled to remove the unlawful barriers and conditions and comply with the ADA.

21.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

22.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipate that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

23.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117.

24.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by

individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 15st day of November, 2011.

                                         /s/ Douglas S. Schapiro
                                         Douglas S. Schapiro
                                         Fla. Bar #54538
                                         The Schapiro Law Group, P.L
                                         Attorneys for Plaintiff
                                         7050 W. Palmetto Park Road
                                         Suite 15-271
                                         Boca Raton, FL 33433
                                         Tele: (561) 807-7388
                                         Fax: (561) 807-7198